ECKENROTH et al., Respondents, v. VOUGHT, Appellant.

(Common Pleas of New York City and County, General Term.   February 6, 1893.)

Appeal from fifth district court.
Action by Francis Eckenroth and others against Henry H. Vought for goods sold and delivered.   From a judgment in plaintiffs' favor, defendant appeals.
Affirmed.

Argued before BOOKSTAVER and BISCHOFF, JJ.

John J. McKelver, for appellant.
Robert O'Bryne, for respondents.

BOOKSTAVER, J.  On the trial it was stipulated that the plaintiffs sold and delivered to the defendant the merchandise specified in plaintiffs' bill of particulars, and the defendant agreed to pay the reasonable value thereof, and that the reasonable value of the merchandise sold on September 3, 1890, was specified in the bill of particulars, and that defendant had paid on account $388.23, which he claimed to be the reasonable value: but plaintiffs claimed $101.27 in addition to the $388.23, out of which he admits there should be an allowance of $19.27. It was further admitted that of the 54 turned posts mentioned in the bill of particulars, 13 were locust, and reasonably worth $8.75 each, and the remaining posts, 41 in number, were yellow pine, the reasonable value of which is the item in dispute in this action.  It was further conceded by defendant's attorney that if plaintiffs succeeded on the trial, they could recover $82.  The matter at issue is thus narrowed down to what was the reasonable value of the 49 pine posts furnished to defendant by plaintiffs.  The original contract under which the 54 posts were to be made and delivered called for locust posts, but it was modified after the delivery of 13 locust posts so that the 41 remaining were to be of pine.  Upon this question both parties offered considerable evidence, some of it being by parties interested, and other by expert witnesses.  A careful review of the evidence does not convince us that there was such a preponderance in favor of the defendant that the judgment should have been in his favor.  There is quite sufficient evidence on behalf of the plaintiffs to warrant the finding of the court below, and the judgment should therefore be affirmed, with costs.